UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| RICARDO THOMAS, #336-672,<br><br>Petitioner,<br><br>v.<br><br>RICHARD J. GRAHAM, JR., *Warden of Western Correctional Institution*, and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND,<br><br>Respondents. | Civil Action No. TDC-14-3163 |

## MEMORANDUM ORDER

On October 2, 2014,[1] Petitioner Ricardo Thomas filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 challenging his 2006 convictions in the Circuit Court for Montgomery County, Maryland for first-degree murder and related offenses. ECF No. 1. Thomas proceeds *pro se*. Recognizing that his Petition appears to be untimely, Thomas has also filed a Motion for Equitable Tolling. *See* ECF No. 4. At the Court's direction, Respondents filed a Limited Response that addresses the timeliness of the Petition. ECF No. 8. Thomas was afforded the opportunity to file a Reply and has done so. ECF No. 10. Upon review of the pleadings and exhibits, the Court finds no need for an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2); Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District

---

[1] Facilities operated by the Maryland Department of Public Safety and Correctional Services do not date stamp outgoing prisoner mail. Thomas dated the Petition as October 2, 2014, *see* ECF No. 1-7, and the Petition shall be deemed filed as of that date, *see Houston v. Lack*, 487 U.S. 266, 276 (1988) (concluding that a prisoner pleading is deemed "filed at the time petitioner delivered it to the prison authorities for forwarding to the court clerk").

Courts. The Court concludes that the Petition is time-barred. Accordingly, the Motion for Equitable Tolling is DENIED, and the Petition is DISMISSED.

## BACKGROUND

On March 2, 2006, in the Montgomery County Circuit Court, Thomas was convicted of first-degree murder, armed robbery, illegal use of a handgun, and conspiracy to commit armed robbery. *See* Maryland Judiciary Case Search, Criminal Action No. 103170C (Montgomery Cnty. Cir. Ct. 2014). On June 28, 2006, the court sentenced Thomas to life without parole plus 40 years of imprisonment. *Id.* at Docket No. 205. On appeal before the Court of Special Appeals of Maryland, Thomas argued, among other things, that the State erred in failing to disclose a statement by one of the State's witnesses until the first day of trial. *Thomas v. State* ("*Thomas I*"), No. 1012, slip op. at 26–33 (Md. Ct. Spec. App. 2009). In an unreported opinion, the Court of Special Appeals affirmed Thomas's conviction on May 15, 2009. *Id.* at 1. The Court of Appeals of Maryland denied certiorari on August 26, 2009. *See* Maryland Judiciary Case Search, Criminal Action No. 103170C, Docket No. 229. Thomas did not seek review before the United States Supreme Court. He acknowledges that his conviction became final on November 24, 2009, when the 90-day period for seeking Supreme Court review expired. *See Clay v. United States*, 537 U.S. 522, 525 (2003) (holding that "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction"); *see also* Pet'r's Reply at 2, ECF No. 10.

On May 24, 2010, Thomas filed a petition for post-conviction relief in the Montgomery County Circuit Court. *Id.* at Docket No. 233. On August 29, 2011, the petition was withdrawn at his request. *Id.* at Docket Nos. 250, 251. Nearly a year later, on August 20, 2012, Thomas filed another state petition for post-conviction relief. *Id.* at Docket No. 255. On December 19,

2013, following a hearing, the Montgomery County Circuit Court denied the petition. *Id.* at Docket No. 275. On September 30, 2014, the Court of Special Appeals denied Thomas's application for leave to appeal. *See Thomas v. State* ("*Thomas II*"), No. 2653, slip op. at 1 (Md. Ct. Spec. App. 2014). On October 2, 2014, Thomas filed the Petition in this Court seeking *habeas* relief on the ground that the State did not timely disclose a statement made by one of the State's witnesses before trial. Pet. at 7, ECF No. 1.

## DISCUSSION

At issue here is whether the Petition is time-barred. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), when filing a federal habeas corpus petition under 28 U.S.C. § 2254, defendants convicted in state court on a non-capital offense are subject to a one-year statute of limitations. *See* 28 U.S.C. § 2244(d) (2012). The limitations period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1). Here, under § 2244(d)(1)(A), Thomas had until November 24, 2010 to file a *habeas* petition in this Court, one year after his conviction became final on November 24, 2009.

Thomas is entitled, however, to statutory tolling during the time that his state post-conviction petitions were pending. AEDPA provides that "the time during which a properly

filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." § 2244(d)(2). Before Thomas filed his first state petition for post-conviction relief on May 24, 2010, 179 days had passed since his conviction became final. The limitations period was tolled until Thomas withdrew his petition on August 29, 2011. An additional 357 days passed before Thomas refiled his state petition on August 20, 2012, totaling 536 days. The period between when the Court of Special Appeals denied Thomas's application for leave to appeal on September 30, 2014, and when he filed the Petition in this Court on October 2, 2014, added two more days. Thus, 538 days not tolled under AEDPA had passed before Thomas filed the presently pending Petition. The Petition was filed well outside the one-year limitations period.

Nevertheless, Thomas argues that he is entitled to equitable tolling because he encountered a "few setbacks that were beyond his control, such as, a few prison lock-downs, legal library cancellations, and a major delayed response to a request for documents needed to prove his case." Mot. Equitable Tolling at 1, ECF No. 4. The one-year time limitations period for § 2254 petitions may be equitably tolled in limited circumstances. *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). Use of equitable tolling is rare and "must be guarded and infrequent." *Id.* (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)) (internal quotation marks omitted). Equitable tolling is only available if the petitioner demonstrates that (1) "he has been pursuing his rights diligently," and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Whiteside v. United States*, 775 F.3d 180, 184 (4th Cir. 2014) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). Such tolling "must be reserved for those rare circumstances where—due to circumstances external to the party's own conduct—it would be

unconscionable to enforce the limitations period" and "gross injustice would result." *Rouse*, 339 F.3d at 246 (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)).

Thomas argues that this case presents two extraordinary circumstances that prevented him from filing. First, he argues that library closures, prison lockdowns, and "unanswered requests for reference materials" prevented him from filing anything from July 2009 to May 2010. Mot. Equitable Tolling at 1–2; Pet'r's Reply at 2. He claims that the library reopened in May 2010, allowing him to file a state petition on May 24, 2010. *Id.* at 3. Second, Thomas argues that he was repeatedly denied documents that he requested to support his state petitions. *Id.* Thomas had requested documents from the Director of the Montgomery County Correctional Facility ("MCCF"), where he was incarcerated while awaiting trial, about the segregation procedures at the MCCF barber shop. *See* Pet. Ex. 3, ECF No. 1-3. Thomas intended to use the barber shop documents to refute the testimony of the State's witness. *See* Pet. at 8. He argues that he was forced to withdraw his first state-court petition on August 29, 2011 because the MCCF Director was unable to locate the requested documents, and he was only able to re-file for post-conviction relief in the state court on August 20, 2012 when informed that the documents had been located. Pet'r's Reply at 3. He claims that the documents were provided to him on or about September 26, 2013, more than three years after he originally requested them on March 27, 2010. *Id.* at 4.

These circumstances, however, do not entitle Thomas to equitable tolling. Courts universally agree that limited access to the law library, including due to security measures or segregation of the prisoner, does not constitute extraordinary circumstances and are, in fact, quite ordinary given the stringent security procedures in prisons. *See Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009) (concluding that three-month segregation and limited access to the law

library "were neither extraordinary nor made it impossible for [petitioner] to file his petition in a timely manner"); *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008) (stating that "a prisoner's limited access to the prison law library is not grounds for equitable tolling"); *Jones v. Hulick*, 449 F.3d 784, 789 (7th Cir. 2006) (declining to grant equitable tolling where petitioner was segregated for 60 days, had limited access to the law library, and relied on the false promise that a legal services organization would file the petition for him); *Marsh v. Soares*, 223 F.3d 1217, 1221 (10th Cir. 2000) (holding that a 15-day holiday closure of the law library did not constitute extraordinary circumstances); *Felder v. Johnson*, 204 F.3d 168, 171–72 (5th Cir. 2000) (concluding that inadequacy of the law library did not constitute extraordinary circumstances).

Moreover, Thomas had access to the law library for the seven-month period after it reopened in May 2010 until the original federal petition deadline expired in November 2010. Thomas could have filed a federal petition asserting untimely disclosure at any time during that period, or even during the approximately six-month period after he withdrew his first state petition on August 29, 2011, during which the statute of limitations had yet to run. *See Castille v. Peoples*, 489 U.S. 346, 350 (1989) (quoting *Brown v. Allen*, 344 U.S. 443, 448–49 & n.3 (1953)) ("[O]nce the state courts have ruled upon a claim, it is not necessary for a petitioner to ask the state for collateral relief, based upon the same evidence and issues already decided by direct review." (internal quotation marks omitted)); *Kasi v. Angelone*, 300 F.3d 487, 501–02 (4th Cir. 2002) (finding that the exhaustion requirement of AEDPA is satisfied if the claim is raised on direct appeal to the state's highest court and dismissed on the merits).

Furthermore, the delay in receiving documents does not constitute extraordinary circumstances. The documents for which Thomas had been waiting, excerpts from the MCCF

6

barber shop procedures and a letter evidencing that he was segregated from the State's witness in the barber shop at the time the statement at issue was made, were not necessary to obtain before filing a federal petition. A federal petition need only specify the grounds for relief, include a statement of the supporting facts, state the requested relief, and be signed under penalty of perjury. *See* Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts. There is no requirement that the petition itself be filed with any or all supporting documents, particularly where discovery is available when appropriate. *See* Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts. Finding no grounds entitling Thomas to equitable tolling, the Court DENIES the Motion. The Petition is time-barred under § 2244(d)(1).

Finally, the Court will not issue a Certificate of Appealability. In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court of the United States held that, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a Certificate of Appealability should issue when the prisoner shows, at least, that . . . jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484. Because Thomas does not satisfy this standard, the Court declines to issue a Certificate of Appealability.

Accordingly, it is hereby ORDERED that:

1. Thomas's Motion for Equitable Tolling, ECF No. 4, is DENIED;

2. The Petition for a Writ of Habeas Corpus, ECF No. 1, is DISMISSED as time-barred;

3. The Court declines to issue a Certificate of Appealability;

4. The Clerk shall close this case; and

5. The Clerk shall send a copy of this Order to Thomas and to counsel for Respondents.

Date: July 27, 2015

THEODORE D. CHUANG
United States District Judge